■ IBRAHIM TOURE, an Infant, by His Mother and Natural Guardian, MAFOULE TOURE, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Pino, J.), entered October 21, 1985, as was in favor of the defendant Board of Education of the City of New York and against them, upon a jury verdict.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court properly instructed the jury that the defendant Board of Education of the City of New York had the same duty towards the students in its care and custody as was owed by a reasonably prudent parent (see, e.g., Lawes v Board of Educ., 16 NY2d 302, 305). Additionally, since the issue of whether reasonable care was exercised in any given case is generally a question for the jury (see, e.g., Atkins v Glens Falls City School Dist., 53 NY2d 325, 328), the further instruction was also proper that it was for the jury to decide whether or not, in the instant case, that a duty required the defendant board to provide schoolyard supervision during the pertinent times, specifically 8:00 A.M. to 8:25 A.M. Under the circumstances of this case, the jury could only have held the defendant board liable for the infant plaintiff's injuries if it determined that a reasonably prudent parent would have found that schoolyard supervision during that period was necessary.

We also find that, although certain of the remarks of counsel for the board in summation were better left unsaid, they were not so inflammatory or so highly prejudicial as to deprive the plaintiffs of a fair trial.

We have considered the plaintiffs' other contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.