DIANE GROGAN et al., Appellants-Respondents, v MOHAMMED NIZAM et al., Respondents-Appellants. [887 NYS2d 607]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated December 4, 2007, which granted those branches of the defendants' motion which were

for a mistrial and pursuant to CPLR 4404 (a) to set aside the jury verdict and to order a new trial, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was pursuant to CPLR 4404 (a) for judgment as a matter of law.

Ordered that the order is affirmed, with costs to the defendants.

In this medical malpractice action, the plaintiffs Diane Grogan and Edward Grogan allege that the defendant Dr. Mohammed Nizam performed an unnecessary hysterectomy and cystocele on the plaintiff Diane Grogan.

In August 2007 the matter was tried before a jury. During the plaintiffs' case, their counsel inquired of their own expert whether he was involved in any risk management work. The plaintiffs' expert responded, "I'm a Risk Management Consultant to the Princeton Insurance Company, which is a professional liability carrier, in Obstetrics and Gynecology." Following a sidebar conference prompted by the defendants' objection to this question and answer, the trial court excused the jury and the defendants then moved for a mistrial. The trial court reserved decision and called for a brief recess. Prior to the trial court issuing a decision on the defendants' motion, out of the presence of the jury, the defendants withdrew their motion for a mistrial and, instead, moved to strike from the record the question asked of the plaintiffs' expert and his answer. The trial court then granted this motion and advised counsel that no further questioning along those lines would be allowed. Although the trial court attempted to cure the error by striking the offending question and answer, the jury was never advised of this upon returning to the courtroom, nor was it given a curative charge.

During the course of deliberations, the jury sent the trial court an inquiry regarding the verdict sheet interrogatory concerning damages. After some discussion about the question, the foreperson stated, "I don't know if I should ask this or not, is this award given as a whole or is it given yearly by the insurance company to the individual?" In response, the trial court advised the jury, "I can't even tell you whether or not there is an insurance company involved, so I can't tell you that. That's not something that you need to be concerned with. I can't tell you, if there is an insurance company. I can't tell you that." The foreperson continued, "[w]hoever is making the payment," to which the trial court reiterated, "I can't tell you that. I don't know that information."

After the jury was sent back to finish their deliberations, the

defendants moved again for a mistrial based upon the foreperson's reference to insurance coupled with the testimony of the plaintiffs' expert. The court reserved decision on the defendants' motion.

The jury then returned a verdict in favor of plaintiffs in the sums of $225,000 for past pain and suffering, $100,000 for future pain and suffering, and $25,000 for loss of consortium.

After the jury was discharged, the defendants again moved for a mistrial, and also moved, inter alia, to set aside the jury verdict as against the weight of the evidence. The trial court declared a mistrial, set aside the verdict, and ordered a new trial.

The trial court eventually issued a written order dated December 4, 2007, inter alia, granting that branch of the defendants' motion which was for a mistrial, but denying that branch of their motion which was for judgment as a matter of law, and setting the case down for a new trial. The plaintiffs appeal, and the defendants cross-appeal.

Evidence of insurance on the part of a defendant in a medical malpractice action is inadmissible (see Simpson v Foundation Co., 201 NY 479, 490 [1911]; Alben v Mid-Hudson Med. Group, P.C., 31 AD3d 471, 472 [2006]; Ward v Kovacs, 55 AD2d 391 [1977]; see also Prince, Richardson on Evidence § 4-614 [Farrell 11th ed]). Where testimony concerning insurance is elicited during trial, even innocently by counsel, and where, as here, the opposing party makes a postverdict motion for a mistrial, it is appropriate to grant that motion, even where such offending testimony has been stricken from the record, if it cannot be determined that the offending testimony clearly did not have an influence on the verdict (see Ward v Kovacs, 55 AD2d at 399-400). "The decision to grant or deny a mistrial is within the sound discretion of the court, and is to be made on a case-by-case basis" (Frankson v Philip Morris Inc., 31 AD3d 372, 373 [2006]).

Under the circumstances, the trial court providently exercised its discretion in granting that branch of the defendants' motion which was for a mistrial. Although there was only the one mention of insurance by the plaintiffs' expert, it cannot be said that this one instance did not have an influence on the jury. The jury's inquiry to the trial court, along with the foreperson's questions regarding that inquiry, revealed, not only that the jury was aware of the defendants' insurance coverage, but also that the defendants' insurance coverage was the subject of its deliberations. Although the trial court gave a curative instruction, in light of the circumstances, the instruction was insuf-

ficient to cure prejudice to the defendants (*see Simpson v Foundation Co.*, 201 NY 479, 490 [1911]; *Butigian v Port Auth. of N.Y. & N.J.*, 293 AD2d 251 [2002]). Thus, the trial court providently exercised its discretion by granting a mistrial and granting a new trial.

The plaintiffs' remaining contentions are academic in light of this determination. There is no merit to the defendants' contention that the evidence was legally insufficient. Thus, the defendants were not entitled to judgment as a matter of law. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.