■ CATHLEEN A. CASELLA, Appellant, v CITY OF NEW YORK, Respondent. [893 NYS2d 556]—

The plaintiff, a New York City Police Officer, allegedly was injured, while in the line of duty, when she fell on a metal grate covering a window well as she was stepping out of a patrol car in the driveway of the 123rd Precinct station house in Staten Island. Claiming that a defect in the metal grate caused her to fall, the plaintiff commenced this action against the defendant, City of New York, to recover damages for personal injuries, inter alia, pursuant to General Municipal Law § 205-e. Specifically, the plaintiff alleged that the City violated its duty under Administrative Code of City of NY former § 27-127 to maintain its buildings in a safe condition, and under Administrative Code of City of NY former § 27-128 to keep its building and facilities in a safe condition. At trial, the plaintiff testified that her foot became caught between the metal grate and the surrounding cement, causing her to lose her balance and fall. However, she

admitted that she did not look down when she exited the patrol car, and did not see the metal grate before she fell. Furthermore, she did not mention, at a prior trial, during her examination before trial in this action, or at the hearing held pursuant to General Municipal Law § 50-h, that her foot became caught; rather, she had testified only that, as she stepped down onto the metal grate, she lost her balance and fell.

General Municipal Law § 205-e provides, in relevant part, that police officers have a right of action in situations where the "negligence of any person . . . in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements . . . of the federal, state . . . or city governments" "directly or indirectly" causes the police officer's injury or death during the discharge of his or her duties (General Municipal Law § 205-e [1]). To make out a claim under section 205-e, a plaintiff must " '[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm' " (*Williams v City of New York*, 2 NY3d 352, 363 [2004], quoting *Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]).

Contrary to the plaintiff's contention, the trial court properly instructed the jury on causation (*see Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]; *Mullen v Zoebe, Inc.*, 86 NY2d 135, 140 [1995]; *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441 [1995]; *Terranova v New York City Tr. Auth.*, 49 AD3d 10 [2007]; *Plunkett v Emergency Med. Serv. of N.Y. City*, 234 AD2d 162 [1996]), since the "charge as a whole conveyed the correct legal principles" (*Manna v Don Diego*, 261 AD2d 590, 591 [1999]). Moreover, the record fails to establish the existence of substantial juror confusion, occasioned by the trial court's instructions, that would warrant a new trial (*see Mattei v Figueroa*, 262 AD2d 459 [1999]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury found that the City was negligent, but that its negligence was not a proximate cause of the plaintiff's accident. "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding

proximate cause" (*Garrett v Manaser,* 8 AD3d 616, 617 [2004]; *see Karsdon v Barringer,* 20 AD3d 551 [2005]; *Misa v Filancia,* 2 AD3d 810 [2003]; *Perez v Audubon at 186th St.,* 1 AD3d 492 [2003]). A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge (*see Shapira v Kruger,* 231 AD2d 509, 510 [1996]; *Gross v Napoli,* 216 AD2d 524, 525 [1995]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Rubin v Pecoraro,* 141 AD2d 525, 526 [1988]). Under the circumstances, the issues of negligence and causation were not inextricably interwoven, and the jury's determination that the defendant's failure to maintain the metal grate in a safe condition was not a cause of the accident was not contrary the weight of the evidence (*see Plunkett v Emergency Med. Serv. of N.Y. City,* 234 AD2d 162 [1996]; *Rubin v Pecoraro,* 141 AD2d 525 [1988]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.