■ MICHELLE BONOMO, Individually and as Parent and Natural Guardian of JOSEPH BONOMO, an Infant, Appellant, v CITY OF NEW YORK et al., Respondents. [912 NYS2d 601]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Aliotta, J.), dated February 10, 2009, which, upon a jury verdict on the issue of liability in favor of the defendants and upon the denial of the plaintiff's application pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and as inconsistent, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On December 9, 1997, the plaintiff's son, then in the fifth grade, allegedly was injured as a result of an accident that occurred during a tennis program for elementary school students in the gymnasium of Public School 23 in Staten Island. The plaintiff alleges, inter alia, that the failure of the defendants City of New York and the New York City Board of Education (hereinafter together the defendants) to provide adequate supervision and instruction was a proximate cause of the injuries to the plaintiff's son.

At trial, the defendants sought to have Robert Galen, the since-retired tennis instructor supervising the children on the day of the accident, testify. The defendants had failed to produce Galen for a deposition. The plaintiffs successfully moved to preclude Galen's testimony, but the Supreme Court declined to submit a missing-witness charge relating to his absence.

The jury returned a verdict finding that, although the defendants had been negligent, their negligence was not a substantial factor in causing the accident. The plaintiff appeals, arguing that the verdict was against the weight of the evidence and fatally inconsistent, and that the Supreme Court erred in failing to submit a missing-witness charge.

"A jury verdict should not be set aside as against the weight of the evidence unless the evidence at trial so preponderated in favor of the appealing party that the verdict could not have been reached on any fair interpretation of the evidence. Where

the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Barnett v Schwartz*, 47 AD3d 197, 205 [2007] [citations omitted]).

A "jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Rivera v MTA Long Is. Bus*, 45 AD3d 557, 558 [2007]). Thus, where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view (*see Abre v Sherman*, 36 AD3d 725, 726 [2007]).

Here, the jury's verdict was not inconsistent. The jury could have found that while the defendants were negligent, the accident was caused solely by the conduct of the plaintiff's son and/or the classmate who struck him, or that the absence of the defendants' negligence would not have prevented the occurrence of the accident.

Moreover, the Supreme Court did not err in declining to submit a missing-witness charge to the jury (*see Pope v 818 Jeffco Corp.*, 74 AD3d 1163 [2010]; *Coliseum Towers Assoc. v County of Nassau*, 2 AD3d 562, 565 [2003]; *Hershkowitz v Saint Michel*, 143 AD2d 809 [1988]). Rivera, J.P., Florio, Belen and Austin, JJ., concur.