■ JOSEPH FRANCOIS, Appellant, v CLAUDE M. GIBBON et al., Respondents. [923 NYS2d 216]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Nelson, J.), entered March 29, 2006, which, upon a jury verdict in favor of the defendants and against him, and upon the denial of the plaintiff's motion to set aside the verdict as contrary to the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Garrett v Manaser*, 8 AD3d 616 [2004]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d at 617; *see Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *Rivera v MTA Long Is. Bus*, 45 AD3d 557, 558 [2007]). "Thus, where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (*Bonomo v City of New York*, 78 AD3d at 1095).

Here, a finding of proximate cause did not inevitably flow from the finding that the defendants were at fault, and a fair interpretation of the evidence supports the jury's verdict in favor of the defendants. The defendants' vehicle was stalled in the center lane of a highway when it was struck from the rear by a vehicle driven by the plaintiff. The jury could reasonably have concluded that the defendant driver was negligent in failing to put out flares, in addition to turning on the hazard lights

of his vehicle and placing reflective triangles on the roadway. However, under the circumstances of this case, the jury could also have reasonably concluded that this negligence was not a proximate cause of the accident, on the theory that the plaintiff, having failed to see the reflectors and the vehicle with its hazard lights blinking, also would have failed to see flares. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.