■ DOLORES STEWART, Respondent, v SANDY MARTE et al., Appellants. [936 NYS2d 567]

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129

[1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]; *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]).

Under the circumstances presented here, the jury's determination that the defendant driver was negligent but that his negligent operation of his vehicle was not a substantial factor in causing the accident was contrary to the weight of the evidence. Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial. Mastro, A.P.J., Balkin, Dickerson and Chambers, JJ., concur.