◼ NICHOLAS DeSALVO, Appellant, v JOSEPH KREYNIN, Respondent. [942 NYS2d 890]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered February 2, 2011, which, upon a jury verdict, is in favor of the defendant and against him on the issue of liability, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). " 'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Stewart v Marte*, 91 AD3d 754, 755 [2012], quoting *Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]; *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]).

Under the circumstances presented here, the jury's determi-

nation that the defendant was negligent, but that his negligent operation of his vehicle was not a proximate cause the subject accident, was not contrary to the weight of the evidence. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.