■ PAULINE COMA et al., Appellants, v CITY OF NEW YORK, Respondent. [949 NYS2d 98]—

The plaintiff Pauline Coma (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on a raised portion of the sidewalk on Hoyt Street in Brooklyn. The injured plaintiff and her husband, suing derivatively, subsequently commenced this action against the defendant City of New York alleging that the accident had been caused by its negligent failure to maintain and repair the sidewalk. At trial, the injured plaintiff testified that when she was about a foot away from the sidewalk defect she tripped over, she turned her head to look behind her in order to ensure that she was not being followed by anyone. She further testified that she did not see the defect before she fell because the accident occurred at night. At the conclusion of the trial, the jury returned a verdict finding that the defendant had prior written notice of the unsafe condition that allegedly caused the accident and was negligent in failing to repair the condition, but that the defendant's negligence was not a substantial factor in causing the accident.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). " 'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (Stewart v Marte, 91 AD3d 754, 755 [2012], quoting Garrett v Manaser, 8 AD3d 616, 617 [2004]; see DeSalvo v Kreynin, 95 AD3d 819 [2012]). "[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will

be presumed that, in returning such a verdict, the jury adopted that view" (*Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *see Jankauskas v Sandberg*, 71 AD3d 1090, 1091 [2010]; *Casella v City of New York*, 69 AD3d 549, 551 [2010]). Here, the jury's verdict was not inconsistent and contrary to the weight of the evidence. The issues of negligence and proximate cause were not inextricably interwoven, and the jury could have reasonably concluded that while the defendant negligently failed to repair the subject sidewalk defect, the accident was caused solely by the conduct of the injured plaintiff, who admitted that she turned her head to look behind her just before she tripped (*see Bonomo v City of New York*, 78 AD3d at 1095; *Casella v City of New York*, 69 AD3d at 551; *Rubin v Pecoraro*, 141 AD2d 525, 526-527 [1988]).

Further, the Supreme Court properly permitted the defendant's attorney to cross-examine the injured plaintiff, subject to connection, about a prior accident in which she sustained injuries to her back and neck. Although the injured plaintiff sustained injuries to her right shoulder in the accident at issue in this case, the defendant adduced testimony from its expert witness indicating that the existence of a prior neck injury would be medically relevant because the fifth cervical root controls sensation in the shoulder. Under these circumstances, evidence regarding the injuries the injured plaintiff suffered in her prior accident was relevant, and the cross-examination was properly permitted (*see Ocampo v Pagan*, 68 AD3d 1077, 1079 [2009]; *Bowers v Johnson*, 26 AD2d 552 [1966]).

The plaintiffs' contention that they were deprived of a fair trial by certain of the defendant's attorney's summation comments is largely unpreserved for review, since their attorney objected to only one of the comments now alleged to have been improper (*see Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 634 [2012]). Although we agree that the comment to which an objection was lodged was improper, it did not deprive the plaintiffs of a fair trial (*see Jun Suk Seo v Walsh*, 82 AD3d 710 [2011]; *Toure v Board of Educ. of City of N.Y.*, 127 AD2d 759 [1987]). Rivera, J.P., Eng, Lott and Cohen, JJ., concur.