■ DAVID SOTO, Appellant, v ELMBACK OWNERS, LLC, et al., Respondents. [965 NYS2d 374]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Rosengarten, J.), entered November 22, 2011, which denied his motion pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, a jury verdict in favor of the defendants on the issue of damages finding that the subject accident was not a substantial factor in causing his injury, and (2) a judgment of the same court entered January 4, 2012, which, upon the jury verdict and upon the order, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501 [a] [1]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Das v Costco Wholesale Corp., 98 AD3d 712 [2012]; Coma v City of New York, 97 AD3d 715 [2012]; DeSalvo v Kreynin, 95 AD3d 819 [2012]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Nicastro v Park, 113 AD2d 129, 133 [1985]; see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; Lopreiato v Scotti, 101 AD3d 829 [2012]; Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983 [2012]; Vaccarino v Mad Den, Inc., 100 AD3d 867 [2012]; Jean-Louis v City of New York, 86 AD3d 628 [2011]).

Here, the Supreme Court properly found that the jury's determination was supported by a fair interpretation of the evi-

dence adduced at trial. Thus, the court correctly denied the plaintiff's motion to set aside, as contrary to the weight of the evidence, the jury verdict in favor of the defendants on the issue of damages. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.