■ ROBERT HENRY, et al., Respondents, v TOWN OF HEMP-STEAD, Appellant. [990 NYS2d 79]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered July 18, 2013, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in its favor on the issue of liability as contrary to the weight of the evidence and for a new trial.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

On May 24, 2009, the plaintiff Robert Henry (hereinafter the infant plaintiff), who was then 10 years old, fell on a cut off pole which was sticking out of a dune as he dove to catch a baseball on a beach owned and maintained by the defendant. In the verified complaint, the infant plaintiff and his father, the plaintiff Joseph Henry, suing derivatively, alleged, inter alia, that the defendant was negligent in maintaining the property, and that such negligence was the proximate cause of the accident.

At trial, the infant plaintiff acknowledged that he was aware of the poles in the dune area, knew that he was not supposed to enter the dune area, and that there were signs to keep out of

that area. He testified that he was positioned near the dune area, and that he kept his eyes on the ball as he dove into the dune area. The issue of negligence was submitted to the jury. While the jury found that the defendant had been negligent, it further found that its negligence was not a substantial factor in causing the accident. Thereafter, the plaintiffs moved pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence and for a new trial. The Supreme Court granted the motion.

"A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Coma v City of New York*, 97 AD3d 715, 715 [2012]; *see Stewart v Marte*, 91 AD3d 754, 755 [2012]). " '[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view' " (*Coma v City of New York*, 97 AD3d at 715-716, quoting *Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]). Here, a fair interpretation of the evidence supports the conclusion that the infant plaintiff's own negligence was the sole proximate cause of his accident (*see Coma v City of New York*, 97 AD3d at 716; *Bonomo v City of New York*, 78 AD3d at 1095; *Casella v City of New York*, 69 AD3d 549, 551 [2010]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.