Marie Moffett-Knox, Appellant, v Anthony's Windows on the Lake, Inc., et al., Respondents. [5 NYS3d 486]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered July 31, 2013, which, upon a jury verdict in favor of the defendants on the issue of liability and upon an order of the same court dated July 16, 2013, denying her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Sliwowski v City of New York*, 113 AD3d 749 [2014]; *Spero v Awasthi Ltd. Partners*, 106 AD3d 988 [2013]; *Coma v City of New York*, 97 AD3d 715 [2012]). "[W]here there is a reasonable

view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (*Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *see Henry v Town of Hempstead*, 119 AD3d 649 [2014]).

Here, contrary to the plaintiff's contention, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the defendants were negligent but that their negligence was not a proximate cause of the accident was supported by a fair interpretation of the evidence (*see generally Sliwowski v City of New York*, 113 AD3d 749 [2014]; *Spero v Awasthi Ltd. Partners*, 106 AD3d 988 [2013]). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.