EFRAIN MEMBRENO, Appellant, v WILLIAM ROCHE et al., Respondents. [10 NYS3d 253]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered April 16, 2014, which, after a jury verdict in favor of the defendants and against him, denied his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the bicycle he was riding collided with the open door of an automobile which the defendant Sarah Roche had parked on the side of the road after being involved in a collision with another car. The plaintiff commenced this personal injury action and, at trial, he testified that Roche had opened her car door into his path as he attempted to ride by. Roche denied that she had done so, but admitted that the door, while stationary, may have been "slightly ajar" by less than six inches. The jury returned a verdict finding that Roche was negligent, but that her negligence was not a substantial factor in causing the accident. The plaintiff appeals from the Supreme Court's denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to against the weight of the evidence.

A jury verdict should be set aside as contrary to the weight of the evidence only if the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). " 'A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Moffett-Knox v Anthony's Windows on the Lake, Inc.*, 126 AD3d 768, 768 [2015], quoting *Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Sliwowski v City of New York*, 113 AD3d 749 [2014]; *Spero v Awasthi Ltd. Partners*, 106 AD3d 988 [2013]; *Coma v City of New York*, 97 AD3d 715 [2012]). " '[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that,

in returning such a verdict, the jury adopted that view' " (*Moffett-Knox v Anthony's Windows on the Lake, Inc.*, 126 AD3d at 768-769, quoting *Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *see Henry v Town of Hempstead*, 119 AD3d 649 [2014]; *Coma v City of New York*, 97 AD3d at 715-716). However, where a jury verdict with respect to negligence and proximate causation is irreconcilably inconsistent, because the only reasonable view of the evidence is that a defendant's negligence was a proximate cause of the plaintiff's injuries, that verdict must be set aside as contrary to the weight of the evidence (*see Wallace v City of New York*, 108 AD3d 760, 761 [2013]; *Gaudiello v City of New York*, 80 AD3d 726, 727 [2011]; *Dellamonica v Carvel Corp.*, 1 AD3d 311, 311-312 [2003]).

In this case, it was within the jury's province to credit Roche's testimony that she did not open her car door into the plaintiff's path. The jury reasonably could have concluded that Roche was negligent in some other respect—such as the positioning of her car or her act of leaving the door "slightly ajar"—but that, despite such negligence, the plaintiff should have been able to avoid the collision and, thus, his conduct was the sole proximate cause of the accident. Thus, the finding that Roche was negligent can be reconciled with the finding that her negligence was not a substantial factor in causing the accident, and the jury is, therefore, presumed to have adopted that view of the evidence (*see Moffett-Knox v Anthony's Windows on the Lake, Inc.*, 126 AD3d at 768-769; *Henry v Town of Hempstead*, 119 AD3d 649 [2014]; *Coma v City of New York*, 97 AD3d at 715-716; *Bonomo v City of New York*, 78 AD3d at 1095).

Accordingly, the Supreme Court correctly concluded that the verdict was not contrary to the weight of the evidence, and properly denied the plaintiff's motion to set aside the verdict. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.