■ SYLVIA PETERS, Appellant, v LYNNE F. WALLIS, Respondent. [24 NYS3d 178]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated December 12, 2013, as granted those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict as contrary to the weight of the evidence, declare a mistrial, and, in effect, to direct a new trial on the issue of liability.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Das v Costco Wholesale Corp.*, 98 AD3d 712 [2012]; *Coma v City of New York*, 97 AD3d 715 [2012]; *DeSalvo v Kreynin*, 95 AD3d 819 [2012]). Moreover, "it is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983, 984 [2012] [internal quotation marks omitted]; *see Vaccarino v Mad Den, Inc.*, 100 AD3d 867 [2012]; *Jean-Louis v City of New York*, 86 AD3d 628 [2011]). Here, the jury's findings that the defendant was negligent and that her negligence was a substantial factor in causing the accident were supported by a fair interpretation of the evidence. Moreover, contrary to the trial court's determination, the jury's verdict was not inconsistent with respect to the issue of whether the plaintiff was comparatively at fault. " '[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view' " (*Moffett-Knox v Anthony's Windows on the Lake, Inc.*, 126 AD3d 768, 768-769 [2015], quoting *Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *see Henry v Town of Hempstead*, 119 AD3d 649 [2014]; *Coma v City of New York*, 97 AD3d 715 [2012]). Under the circumstances of this case, the jury could have reasonably come to the conclusion that the plaintiff was negligent but that her negligence was not a substantial factor in causing the accident. Therefore, the trial court should have denied that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence.

However, the trial court providently exercised its discretion in granting those branches of the defendant's motion which were to declare a mistrial, and, in effect, direct a new trial on the issue of liability. The repeated references by the plaintiff and her attorney to the nature of the plaintiff's injuries and her lack of medical insurance at the time of the accident could have influenced the jury to be more sympathetic toward her, resulting in prejudice toward the defendant (*see Grogan v Nizam*, 66 AD3d 734, 735 [2009]; *Frankson v Philip Morris Inc.*, 31 AD3d 372, 373 [2006]; *Weinberg v Remyco, Inc.*, 9 AD3d 425, 426 [2004]). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.