Cruz-Rivera v National Grid Energy Mgt., LLC (2021 NY Slip Op 00149)





Cruz-Rivera v National Grid Energy Mgt., LLC


2021 NY Slip Op 00149


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10455
 (Index No. 2855/14)

[*1]Joann Cruz-Rivera, appellant, 
v
National Grid Energy Management, LLC, et al., respondents.


Talisman & DeLorenz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 12, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability as inconsistent and contrary to the weight of the evidence and for a new trial on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as inconsistent and contrary to the weight of the evidence and for a new trial is denied, and the jury verdict is reinstated.
The plaintiff allegedly was injured when she tripped and fell over a piece of wood bracing that was supporting a stack of wood planking in a roadway. At the time of the accident, the defendants were installing a gas pipe and used the wood planking as shoring when performing excavation. The plaintiff commenced this personal injury action against the defendants, alleging that
the wood bracing in the roadway constituted a dangerous condition. At a jury trial on the issue of liability, the plaintiff testified that she double-parked her car on Greene Avenue and removed her two-year-old granddaughter from the rear driver's side. When her granddaughter let go of her hand and ran away from her as a car was approaching, the plaintiff ran after her granddaughter and tripped and fell on a piece of wood bracing in the road. In addition, she testified that her eyes were focused on her granddaughter and that she was not paying attention to where she was running. The jury found that the defendants were negligent, and that their negligence was a substantial factor in causing the accident. On the issue of the plaintiff's comparative fault, the jury found that the plaintiff also was negligent, but that her negligence was not a substantial factor in causing the accident.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury [*2]verdict on the issue of liability as inconsistent and contrary to the weight of the evidence and for a new trial. By order dated June 12, 2018, the Supreme Court granted that branch of the defendants' motion and directed a new trial on the issue of liability. The plaintiff appeals.
The Supreme Court should have denied that branch of the defendants' motion which was to set aside the jury verdict on the issue of liability as inconsistent and contrary to the weight of the evidence. Because the defendants failed to object to the verdict as inconsistent prior to the discharge of the jury, they waived their objection to the verdict upon that ground (see Barry v Manglass, 55 NY2d 803, 806; Kohler v Barker, 147 AD3d 1037, 1037; Gunther v Muschio, 40 AD3d 1030, 1031-1032). Moreover, the jury's determination that the plaintiff was negligent but that her negligence was not a substantial factor in causing the accident was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Brennan v Gormley, 181 AD3d 552, 553 [internal quotation marks omitted]; Das v Costco Wholesale Corp., 98 AD3d 712, 713 [internal quotation marks omitted]; Garrett v Manaser, 8 AD3d 616, 617). "[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 768-769 [internal quotation marks omitted]; see Henry v Town of Hempstead, 119 AD3d 649, 650; Bonomo v City of New York, 78 AD3d 1094, 1095). Here, the jury reasonably could have concluded that the plaintiff was negligent, but that such negligence was not a proximate cause of her falling over the piece of wood bracing that was supporting the stack of wood planking. The jury could have adopted the view that the defendants' failure to maintain the wood they were storing in the roadway in a safe condition was the sole proximate cause of the accident (see Gibson v Singh Towing, Inc., 155 AD3d 614, 616; Membreno v Roche, 128 AD3d 782, 783; Ward v Watson, 72 AD3d 808, 809; Gunther v Muschio, 40 AD3d at 1031; cf. McDonald v Long Is. R.R., 77 AD3d 712, 713). Accordingly, the jury's determination that the plaintiff's conduct was not a substantial factor in causing the accident was not contrary to the weight of the evidence.
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court