Archer v City of New York (2022 NY Slip Op 02522)

Archer v City of New York

2022 NY Slip Op 02522

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2019-08070
 (Index No. 500044/13)

[*1]Corey Archer, appellant,
v
City of New York, respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Amy McCamphill of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 3, 2019. The order denied the plaintiff's motion pursuant to CPLR 4404(a), inter alia, to set aside a jury verdict as contrary to the weight of the evidence and for a new trial. Justice Brathwaite Nelson has been substituted for former Justice Hinds-Radix (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries stemming from a physical altercation he had with another inmate while the plaintiff was in the custody of the New York City Department of Correction. After a second jury trial, the jury returned a verdict in favor of the defendant, finding that defendant was negligent, but that the defendant's negligence was not a substantial factor in causing the plaintiff's injuries. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as irrational and contrary to the weight of the evidence and for a new trial. The plaintiff also contended that the Supreme Court improperly allowed certain testimony from the first trial to be read into evidence. The court denied the plaintiff's motion, and the plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). "A jury's finding that there was negligence, but that such negligence was not a proximate cause of the injury is inconsistent and, therefore, contrary to the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Sela v Katz, 165 AD3d 1191, 1193 [internal quotation marks omitted]; see Coma v City of New York, 97 AD3d 715, 715; Bonomo v City of New York, 78 AD3d 1094, 1095). "Thus, where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Bonomo v City of New York, 78 AD3d at 1095; see Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 687; Moffett-Knox v Anthony's [*2]Windows on Lake, Inc., 126 AD3d 768, 769).
Here, a fair interpretation of the evidence supports a finding that, although the defendant was negligent in placing the plaintiff and another inmate in the same holding cell, the plaintiff initiated the altercation which led to his injuries and thus, his actions were the sole proximate cause of his injuries (see Bonomo v City of New York, 78 AD3d at 1095; see also Henry v Town of Hempstead, 119 AD3d 649, 650; Coma v City of New York, 97 AD3d at 716).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CONNOLLY, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court