Avila v VVFJ Realty, LLC (2023 NY Slip Op 00199)

Avila v VVFJ Realty, LLC

2023 NY Slip Op 00199

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-02214
 (Index No. 514154/16)

[*1]Felicia Avila, appellant, 
v
VVFJ Realty, LLC, et al., respondents.

Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 16, 2020. The judgment, upon a jury verdict, and upon an order of the same court dated December 23, 2019, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly sustained personal injuries after tripping on a sidewalk in front of a warehouse owned by the defendant VVFJ Realty, LLC, and leased by the defendant Easy Fat Trading, Inc. (hereinafter Easy Fat). The plaintiff subsequently commenced this action to recover damages for personal injuries, and a trial was held on the issue of liability. At the trial, the plaintiff testified that she tripped over a metal pipe that was protruding from the sidewalk, but admitted that she did not see the pipe until four days after the accident. An employee of Easy Fat testified that the pipes embedded in the sidewalk at that location were used to secure a metal gate, that the posts of the gate were inserted into the pipes when the gate was closed and locked at night, and that the gate would have been closed at the time of the plaintiff's accident.
The jury rendered a verdict finding that the defendants were negligent, but that their negligence was not a substantial factor in causing the plaintiff's accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury's verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the plaintiff's motion, and thereafter issued a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A jury verdict against a party may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [alterations and internal quotation marks omitted]; see Evans v New York City Tr. Auth., 179 AD3d 105, 112; Nicastro v Park, 113 AD2d 129, 132-137). "Proof of a defendant's negligence [*2]does not compel a finding that such negligence was a proximate cause of the accident," but in a case where "the only reasonable view of the evidence is that a defendant's negligence was the proximate cause of the plaintiff's injuries," a verdict finding that the defendant was negligent but that such negligence was not a substantial factor in causing the plaintiff's injuries "must be set aside as against the weight of the evidence" (Dellamonica v Carvel Corp., 1 AD3d 311, 311-312). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garrett v Manaser, 8 AD3d 616, 617; see Evans v New York City Tr. Auth., 179 AD3d at 112; Coma v City of New York, 97 AD3d 715, 715).
Here, the jury's verdict was not contrary to the weight of the evidence. Contrary to the plaintiff's contention, the issues of negligence and proximate cause were not inextricably interwoven, and thus the verdict was not inconsistent. The jury could have reasonably concluded that the defendants negligently allowed metal pipes to protrude from the sidewalk, but that the pipes were not exposed at the time of the plaintiff's accident, and thus could not have been the proximate cause of her injury (see Coma v City of New York, 97 AD3d at 716; Bonomo v City of New York, 78 AD3d 1094, 1095). Contrary to the plaintiff's further contention, the record contains no evidence of juror confusion (see Young Mee Oh v Koon, 140 AD3d 861, 862).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for a new trial.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court