Tafolla v Aldrich Mgt. Co., LLC (2023 NY Slip Op 04988)

Tafolla v Aldrich Mgt. Co., LLC

2023 NY Slip Op 04988

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-00114
 (Index No. 10238/10)

[*1]Kim Tafolla, appellant, 
v
Aldrich Management Co., LLC, respondent, et al., defendant.

Rodney S. Lapidus, P.C., Dix Hills, NY, for appellant.
Baker, Greenspan & Bernstein, Bellmore, NY (Evan E. Richards and Robert L. Bernstein, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered December 2, 2021. The judgment, upon a jury verdict in favor of the defendant Aldrich Management Co., LLC, on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant Aldrich Management Co., LLC, and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on snow and ice in the parking lot of a Dunkin Donuts restaurant located in a shopping center owned by the defendant Aldrich Management Co., LLC (hereinafter Aldrich). The action proceeded to a jury trial against Aldrich. The plaintiff testified at trial that after leaving the Dunkin Donuts restaurant, she slipped and fell while attempting to get into her car, which was parked in the parking lot on the east side of the building. The plaintiff also testified that at the time of her fall, there was approximately one inch of ice and snow covering the parking lot, and no salt or sand had been applied to the parking lot. During the trial, Aldrich's attorney read into the record excerpts of the deposition testimony of Encasnita Rivera, a manager of the subject Dunkin Donuts restuarant. Rivera testified that she learned of this incident when an individual, who was a regular customer, came into the restaurant and stated that she had just fallen into a "big hole" in the rear parking lot as she was getting out of her car. Testimony was also presented from employees of Aldrich, who indicated that Aldrich did not send a representative to inspect the work of the contractor it retained to clear snow and ice from the parking lot.
At the conclusion of the trial, the jury returned a verdict finding that Aldrich was negligent, but that its negligence was not a substantial factor in bringing about the plaintiff's accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the plaintiff's motion. A judgment was issued in favor of Aldrich and against the plaintiff dismissing the complaint insofar as asserted against Aldrich. The plaintiff appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 688; see Nicastro v Park, 113 AD2d 129, 134). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garrett v Manaser, 8 AD3d 616, 617; see Avila v VVFJ Realty, LLC, 212 AD3d 699, 700). "Thus, where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Bonomo v City of New York, 78 AD3d 1094, 1095; see Henry v Town of Hempstead, 119 AD3d 649, 650).
Here, contrary to the plaintiff's contention, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's finding was not contrary to the weight of the evidence. Under the circumstances, the jury could have found that while Aldrich was negligent in failing to adequately clear snow and ice from the parking lot, such negligence was not a substantial factor in causing this occurrence (see Sattar v City of New York, 201 AD3d 756, 759; Lopez v Hage, 127 AD3d 824, 826; Coma v City of New York, 97 AD3d 715, 716). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court