Garcia v New York City Tr. Auth.

2026 NY Slip Op 02393

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Randolph Garcia, plaintiff-appellant,

v

New York City Transit Authority, et al., defendants-respondents, Christoffe Cintron, et al., defendants-appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-08329, (Index No. 519043/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Khavinson & Mandronico, P.C., New York, NY (Timothy Mandronico and Joshua Versoza of counsel), for plaintiff-appellant.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for defendants-appellants.

Jeffrey Samel & Partners (Anna J. Ervolina, Brooklyn, NY [Theresa A. Frame], of counsel), for defendants-respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Christoffe Cintron and Richely Cintron separately appeal, from a judgment of the Supreme Court, Kings County (Gina Abadi, J.), dated July 13, 2023. The judgment, insofar as appealed from by the plaintiff, upon a jury verdict in favor of the defendants New York City Transit Authority and Loraine C. Lord on the issue of liability, is in favor of those defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants. The judgment, insofar as appealed from by the defendants Christoffe Cintron and Richely Cintron, upon the jury verdict in favor of the defendants New York City Transit Authority and Loraine C. Lord on the issue of liability, is in favor of those defendants and, in effect, against Christoffe Cintron and Richely Cintron dismissing their cross-claim asserted against those defendants.

ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when a motor vehicle in which he was a passenger (hereinafter the Cintron vehicle), which was owned by the defendant Richely Cintron and operated by the defendant Christoffe Cintron (hereinafter together the Cintron defendants), collided with a public bus operated by the defendant Loraine C. Lord. The plaintiff commenced this action against the Cintron defendants, Lord, and the defendant New York City Transit Authority (hereinafter together with Lord, the NYCTA defendants). The Cintron defendants asserted a cross-claim against the NYCTA defendants for contribution and/or indemnification.

It is undisputed that the accident occurred when Lord drove the bus eastbound in a turning lane designated for westbound traffic in order to move around a tractor trailer that was parked in the eastbound travel lane. Before trial, the Supreme Court determined that Lord was negligent in the operation of the bus as a matter of law. After a trial on the issue of liability, the jury [*2]found that Lord's negligence in operating the bus was not a substantial factor in causing the accident, that Christoffe Cintron was negligent in the operation of the Cintron vehicle, and, in effect, that his negligence was the sole proximate cause of the accident. Subsequently, the plaintiff and the Cintron defendants separately moved, inter alia, pursuant to CPLR 4404(a) to set aside, as against the weight of the evidence, so much of the jury's verdict as found that Lord's negligence was not a substantial factor in causing the accident. The court, among other things, denied those branches of the separate motions. The court issued a judgment dated July 13, 2023, in favor of the NYCTA defendants and against the plaintiff, in effect, dismissing the complaint insofar as asserted against the NYCTA defendants, and, in effect, against the Cintron defendants dismissing their cross-claim asserted against the NYCTA defendants. The plaintiff and the Cintron defendants separately appeal.

A jury verdict may not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of another party that the verdict could not have been reached on any fair interpretation of the evidence (see Killon v Parrotta, 28 NY3d 101, 107; Lolik v Big V Supermarkets, 86 NY2d 744, 746). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133; see Bacchus v Restaurant Depot, LLC, 234 AD3d 903, 904). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Harewood v Holmes, 163 AD3d 638, 638-639; see Bacchus v Restaurant Depot, LLC, 234 AD3d at 904). Furthermore, "where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Bonomo v City of New York, 78 AD3d 1094, 1095; see Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 688).

Here, a fair interpretation of the evidence supports the jury's finding that Lord's negligence in driving eastbound in the westbound turning lane was not a substantial factor in causing the accident. At trial, there was testimonial, photographic, and video evidence from which the jury reasonably could conclude that the bus was traveling in the westbound turning lane before the Cintron vehicle approached in the westbound travel lane, that there was sufficient space for three vehicles to safely pass each other on that section of the roadway, and that Christoffe Cintron's negligence in failing to see the bus and failing to avoid a collision was the sole proximate cause of the accident. Therefore, the jury's verdict was not contrary to the weight of the evidence (see Graviano v New York City Tr. Auth., 202 AD3d 932, 933; Gibson v Singh Towing, Inc., 155 AD3d 614, 616; see also Tafolla v Aldrich Mgt. Co., LLC, 220 AD3d 690, 691; Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d at 688). The parties' remaining contentions are either without merit or not properly before this Court.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court