■ JOHN J. TOSCANO et al., Appellants, v NEW YORK CITY TRANSPORTATION AUTHORITY, Respondent. [618 NYS2d 733] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Posner, J.), dated January 21, 1993, which, upon a jury verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On appeal, the plaintiffs contend, *inter alia,* that the jury verdict in favor of the defendant should be set aside as against the weight of the evidence. We disagree. It is well settled that fact-finding is the province of the jury, and a verdict in favor of the defendant should not be set aside unless " 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134; *see also, Dingle v Virga,* 195 AD2d 538). Contrary to the plaintiffs' assertions, the jury's determination that the defendant was not negligent is supported by a fair interpretation of the evidence. In this regard, we note that the jury could have credited the bus driver's testimony that he did not see any traffic approaching from the east before he started to cross the intersection where the accident occurred. He claimed that he was traveling at a slow rate of speed, and did not see the left-turning vehicle until it was three or four feet away from him, thus forcing him to abruptly apply his brakes in order to avoid a collision. The bus driver was not required to anticipate that the left-turning vehicle would cross over into his lane while he was proceeding through the intersection *(see, McGraw v Ranieri,* 202 AD2d 725). Under these circumstances, the jury could have reasonably concluded that the left-turning vehicle was at fault for the accident because it attempted to cross in front of the bus when it was hazardous to do so, and that the bus driver did not contribute to the accident *(see,* Vehicle and Traffic Law § 1141; *Moller v Lieber,* 156 AD2d 434). Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.