■ PATRICIA NEARY et al., Respondents, v VICTORIA VECCHIONE et al., Defendants, and WILLIAM KOSSMAN, Appellant. [632 NYS2d 632] —In an action, *inter alia*, to recover damages for personal injuries, the defendant William Kossman appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), entered November 30, 1993, as, upon a jury verdict finding him 95% at fault in the happening of the accident, is in favor of the plaintiff Carol Neary and against him in the principal sum of $34,000, (2) so much of an amended judgment of the same court, entered December 9, 1993, as is in favor of the plaintiff Patricia Neary and against him in the principal sum of $737,500, and (3) so much of an amended judgment of the same court, entered December 9, 1993, as is in favor of the plaintiff Kathleen Neary and against him in the principal sum of $1,062,500.

Ordered that the judgment and the amended judgments are affirmed insofar as appealed from, with one bill of costs.

On June 13, 1988, the defendant William Kossman's automo-

bile collided with an automobile driven by the defendant Victoria Vecchione at the intersection of East Meadow Avenue and North Jerusalem Road in Nassau County. The plaintiffs, Patricia Neary and Kathleen Neary, were passengers in the Kossman automobile.

Kossman contends that the jury's verdict, finding him 95% at fault in the happening of the accident, was against the weight of the evidence. We disagree. It is well settled that issues regarding the credibility of witnesses and the accuracy of their testimony are primarily for the jury to determine, and its verdict should not be set aside if it could have been reached by any fair interpretation of the evidence (*see, Silva v Micelli*, 178 AD2d 521; *Frangello v Namm*, 157 AD2d 649). The evidence supports the finding that Kossman was 95% responsible for the accident as the jury could have found that Kossman drove through a red light into the intersection.

We find that the jury's assessment of damages in the principal sum of $1,100,000 (which was reduced by a settlement with the defendants Richard Cicchillo and Mary Cicchillo) to Kathleen Neary and in the principal sum of $750,000 (which was reduced by a settlement with the Cicchillo defendants) to Patricia Neary did not deviate materially from what would be reasonable compensation (*see*, CPLR 5501 [c]). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.