■ MARIE COOPER, Respondent, v APPLE RADIO CAR SERVICE et al., Defendants, and JOAQUIN ROMAN, JR., Appellant. [690 NYS2d 598] —In an action to recover damages for personal injuries, the defendant Joaquin Roman, Jr., appeals from a judgment of the Supreme Court, Kings County (Levine, J.), entered April 3, 1998, which was in favor of the plaintiff and against him in the principal sum of $375,000 ($275,000 for past pain and suffering and $100,000 for future pain and suffering).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which is in favor of the plaintiff awarding her damages of $275,000 for past pain and suffering and substituting therefor a provision severing that cause of action, and granted a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $275,000 to the sum of $100,000, and to an entry of an amended judgment in the principal sum of $200,000 accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appellant's contention that the verdict was against the weight of the evidence is without merit. A jury verdict should not be set aside unless the verdict could not have been reached upon any fair interpretation of the evidence (*Galimberti v Carrier Indus.*, 222 AD2d 649). In the case at bar, it was reasonable, based upon the evidence presented, for the jury to determine that the appellant failed to stop his vehicle at a red traffic light, and therefore, that he was the sole cause of the accident in which the plaintiff, a passenger in the car struck by the appellant, was injured.

The damages awarded for past pain and suffering were excessive to the extent indicated because they deviated materially from what would be reasonable compensation under the circumstances of this case (*see,* CPLR 5501 [c]; *O'Brien v Covert*, 187 AD2d 419; *Artis v City of New York*, 183 AD2d 685; *Shurgan v Tedesco*, 179 AD2d 805).

The parties' remaining contentions are without merit. Mangano, P. J., Santucci, Krausman and Feuerstein, JJ., concur.