■ ARLINE HARRIS, Appellant, v JEFFREY A. MARLOW et al., Respondents. (Action No. 1.) VIRGINIA SHIMOW, Appellant-Respondent, v EXXON MOBIL CORPORATION et al., Respondents, and ARLINE HARRIS, Appellant. (Action No. 2.) [795 NYS2d 608]—

In two related actions to recover damages for personal injuries, which were joined for trial, the plaintiff in Action No. 2 appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered Janu-

ary 26, 2004, as denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants Exxon Mobil Corporation and Jeffrey A. Marlow on the issue of liability and for judgment in her favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial, and (2) so much of a judgment of the same court entered August 25, 2004, as, upon the denial of her motion and upon the jury verdict on the issue of liability, is in favor of the defendants Exxon Mobil Corporation and Jeffrey A. Marlow and against her on the issue of liability in action No. 2 and Arline Harris, the plaintiff in action No. 1 and a defendant in action No. 2, appeals, as limited by her notice of appeal and brief, from so much of the same judgment as, upon denying her motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial and upon the jury verdict, is in favor of the defendants Exxon Mobil Corporation and Jeffrey A. Marlow and against her in both actions.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents Exxon Mobil Corporation and Jeffrey A. Marlow, payable by the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeals from the judgment (CPLR 5501 [a] [1]).

These actions arose from a multi-vehicle accident involving a car operated by Arline S. Harris, an oil truck owned by the defendant Exxon Mobil Corporation (hereinafter Exxon) and operated by the defendant Jeffrey A. Marlow, and a car operated by Virginia Shimow. Harris is the plaintiff in action No. 1 as well as a defendant in action No. 2, and Shimow is the plaintiff in action No. 2. Exxon and Marlow are defendants in both actions.

After a joint trial on the issue of liability, the jury found that Marlow was not negligent in his operation of the oil truck, and that Harris was 100% at fault in the happening of the accident. Shimow moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in her favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial. Harris also moved pursuant to

CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial. The motions were denied and judgment was entered on the jury's verdict. These appeals followed.

"[T]he standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Torres v Esaian,* 5 AD3d 670, 671 [2004]; *see generally Schiskie v Fernan,* 277 AD2d 441 [2000]; *Nicastro v Park,* 113 AD2d 129 [1985]). The Supreme Court's disposition of a motion to set aside the verdict as against the weight of the evidence is entitled to great respect (*see Nicastro v Park, supra* at 137).

Applying those principles, we find that the Supreme Court providently exercised its discretion in denying Harris's motion and that branch of Shimow's motion which was to set aside the verdict as against the weight of the evidence. On this record, the jury reasonably could have concluded, based on Marlow's testimony and photographic evidence of Harris's damaged vehicle, that Harris abruptly cut in front of Marlow's oil truck, thereby creating an emergency situation (*see Varsi v Stoll,* 161 AD2d 590 [1990]). Because that view is based on a fair interpretation of the evidence and is consistent with the jury's finding that Harris was 100% at fault in the happening of the accident, the jury may be presumed to have adopted it (*see Shapira v Kruger,* 231 AD2d 509, 510 [1996]; *Varsi v Stoll, supra*). Accordingly, the Supreme Court properly determined that Harris and Shimow were not entitled to a new trial.

Shimow's further contention that the verdict should be set aside as it was not supported by legally sufficient evidence and that she is entitled to judgment in her favor as a matter of law, is also without merit (*see generally Cohen v Hallmark Cards,* 45 NY2d 493, 498-499 [1978]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.