■ WASIUR RAHMAN et al., Appellants, v CHARLES J. SMITH, Respondent. [835 NYS2d 404]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Gavrin, J.), dated November 29, 2005, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and against them on the issue of liability and for judgment in their favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The plaintiffs' vehicle was making a left-hand turn from the Van Wyck Expressway exit ramp onto Jewel Avenue in Queens County when it collided with the defendant's vehicle. At trial, the parties each testified that the traffic light was in their favor. During summation, defense counsel stated to the jury that he "believed [they would] find that there was liability on both sides." The jury returned a verdict finding that the defendant

was not negligent. The plaintiffs moved to set aside the verdict and for judgment in their favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial. Among the grounds asserted as a basis to set aside the verdict was that defense counsel's statement constituted a judicial admission. The Supreme Court denied the motion.

The plaintiffs' contention that the jury verdict was not supported by legally sufficient evidence and that they were entitled to judgment as a matter of law is without merit (*see Dicke v Anci*, 31 AD3d 696 [2006]; *Harris v Marlow*, 18 AD3d 608, 610 [2005]). Furthermore, a jury verdict should not be set aside as against the weight of the evidence unless "the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Harris v Marlow, supra*, at 610 [internal quotation marks omitted]; *see Nicastro v Park*, 113 AD2d 129, 134 [1985]). As the Supreme Court correctly found, the parties presented sharply conflicting testimony as to the color of the traffic signal at the time of the collision. The jury could have fairly concluded from the defendant's testimony that from the time he first observed the green light, of which he had an unobstructed view, until the collision, there was an insufficient amount of time for the signal to have changed to red. Likewise, the jury could have fairly inferred from the plaintiff Wasiur Rahman's testimony that while he initially had the green light, by the time the two cars in front of him had made left turns onto Jewel Avenue, the light had changed to red. Having credited the defendant's testimony that the light was in his favor, and further having credited the defendant's testimony that he was traveling at the rate of 15 miles per hour and did not see the left-turning vehicle until a "millisecond" before the impact, forcing him to apply his brakes and swerve to the left, the jury could have fairly concluded that the defendant did not contribute to the occurrence of the accident. The defendant "was not required to anticipate that the left-turning vehicle would cross over into his lane while he was proceeding through the intersection" (*Toscano v New York City Transp. Auth.*, 209 AD3d 403, 404 [1994]). Accordingly, the jury verdict is supported by a fair interpretation of the evidence (*see Cooper v Apple Radio Car Serv.*, 261 AD2d 500 [1999]; *Neary v Vecchione*, 220 AD2d 566, 567 [1995]; *Guarino v Woodworth*, 204 AD2d 391, 392 [1994]; *Yaver v Gofus*, 156 AD2d 556 [1989]).

Contrary to the plaintiffs' contention, defense counsel's statement in summation that he believed the jury would find liability on both sides was not a judicial admission. In order to

constitute a judicial admission, the statement must be one of fact (*see* 5 Bender's NY Evidence § 16.06 [1]; Prince, Richardson on Evidence §§ 8-215, 8-219 [Farrell 11th ed]). Counsel's argument or opinion cannot constitute a judicial admission (*see Wheeler v Citizens Telecom. Co. of N.Y., Inc.*, 18 AD3d 1002, 1005 [2005]). Further, the statement must be made with sufficient formality and conclusiveness, that is, it must be deliberate, clear, and unequivocal (*see State of New York ex rel. H. v P.*, 90 AD2d 434, 438 n 4 [1982]; *see also Matter of Corland Corp.*, 967 F2d 1069, 1074 [1992]; 29A Am Jur 2d, Evidence § 770). Here, defense counsel's statement was not one of fact, nor was it made with sufficient formality and conclusiveness. Instead, counsel merely presented his opinion as to what he believed the evidence had showed. Consistent with the instructions the Supreme Court provided to the jury (*see* PJI 1:5 [2007 Supp]), the jurors were free to adopt or reject counsel's view. Accordingly, the Supreme Court properly denied the plaintiffs' motion to set aside the verdict. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.