In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Fineda-Kirwan, J.), dated August 17, 2011, which, upon a jury verdict in favor of the defendants and against them on the issue of liability, and upon the denial of their motion, in effect, pursuant to CFLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, is in favor of the defendants and against them, dismissing the complaint.
Ordered that the judgment is affirmed, with costs.
For a reviewing court to determine that a jury’s verdict is not supported by legally sufficient evidence, it must conclude that there is “simply no valid line of reasoning and permissible inferences” by which the jury could have rationally reached its verdict “on the basis of the evidence presented at trial” (Cohen *843 v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Szczerbick v Pilat, 90 NY2d 553, 556 [1997]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Bailey v Brookdale Univ. Hosp. & Med. Ctr., 98 AD3d 545 [2012]; Jean-Louis v City of New York, 86 AD3d 628, 628 [2011] ; Nicastro v Park, 113 AD2d 129, 133-134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d at 499; Nicastro v Park, 113 AD2d at 133). “It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses” (Palermo v Original California Taquería, Inc., 72 AD3d 917, 918 [2010]; see Adetimirin v Howland Hook Hous. Co., Inc., 92 AD3d 814, 815 [2012] ).
Applying these principles here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury’s determination that the defendants were not negligent.
A statute or principle of law should be charged only where there is evidence in the record to support a finding that the statute or rule was violated (see Green v Downs, 27 NY2d 205, 208-209 [1970]; Hardy v Sicuranza, 133 AD2d 138, 139 [1987]; Gomar v Gomar, 114 AD2d 487, 489 [1985]; Wilmot v City of New York, 73 AD2d 201, 204 [1980]). Contrary to the plaintiffs’ contention, the trial court properly charged the jury with Vehicle and Traffic Law § 1123 (b), as the evidence supported a finding that the plaintiff Anatoli Tsimbalenko was attempting to improperly pass the defendants’ truck on the right at the time of the subject accident. Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.