Cetoute v Sidney (2018 NY Slip Op 08276)





Cetoute v Sidney


2018 NY Slip Op 08276


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-09602
 (Index No. 17906/13)

[*1]Gerome Cetoute, appellant, 
v
Howard Sidney, Jr., respondent.


Subin Associates, LLP, New York, NY (Lee M. Huttner, Julie T. Mark, and Pollack, Pollack, Isaac & DeCicco, LLP [Jillian Rosen], of counsel), for appellant.
Charles J. Siegel, New York, NY (Loretta J. Hottinger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 2, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
This personal injury action arises out of a motor vehicle accident that occurred on February 15, 2013, at the intersection of Linden Boulevard and Pennsylvania Avenue in Brooklyn, in which a tractor trailer operated by the defendant and a sedan operated by the plaintiff collided. The matter proceeded to a jury trial on the issue of liability, after which the jury rendered a verdict in favor of the defendant. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. The plaintiff appeals.
CPLR 4404(a) states that a court may set aside a jury verdict and either (1) "direct that judgment be entered in favor of a party entitled to judgment as a matter of law" or (2) "order a new trial . . . where the verdict is contrary to the weight of the evidence." For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that "there is simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Wilson v Philie, 107 AD3d 700, 701; Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 592). Moreover, "[a] jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence" (Albano v K.R. & S. Auto Repair, Inc., 123 AD3d 748, 749 [internal quotation marks omitted]; see Acosta v City of New York, 84 AD3d 706, 708; Harris v Marlow, 18 AD3d 608, 610; Schiskie v Fernan, 277 AD2d 441). " It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses'" (Tsimbalenko v Irizarry, 104 AD3d 842, 843, quoting Palermo v Original California Taqueria, Inc., 72 AD3d 917, 918).
Applying these principles to this case, a valid line of reasoning and permissible inferences to be drawn from the evidence submitted at trial supported the jury's rational conclusion that the defendant was not at fault in the happening of the accident. The jury reasonably could have concluded from, inter alia, the defendant's testimony and the points of contact between the vehicles that the plaintiff attempted a lane change when it was unsafe to do so in violation of Vehicle and Traffic Law § 1128(a), thereby causing a sideswipe collision with the defendant's vehicle. Accordingly, there was legally sufficient evidence to support the jury's verdict in favor of the defendant on the issue of liability (see generally Cohen v Hallmark Cards, 45 NY2d 493; Rahman v Smith, 40 AD3d 613, 614). Moreover, since the jury's verdict is likewise supported by a fair interpretation of the trial evidence, the verdict was not contrary to the weight of the evidence (see Lolik v Big v Supermarkets, 86 NY2d 744, 746; Rahman v Smith, 40 AD3d at 614; Alterescu v Mills, 216 AD2d 345, 345-346). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court