Williams v Illinois Tool Works, Inc. (2022 NY Slip Op 05179)

Williams v Illinois Tool Works, Inc.

2022 NY Slip Op 05179

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-02537
 (Index No. 513448/15)

[*1]Marva Rita Williams, appellant, 
v
Illinois Tool Works, Inc., et al., respondents, et al., defendants.

Blumen & Shayne PLLC (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
McGiff Halverson Dooley LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 13, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability in favor of the defendants Illinois Tool Works, Inc., and Aiman Abdallah and against her as contrary to the weight of the evidence and, in effect, in the interest of justice, and for a new trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 14, 2014, at approximately 2:00 p.m., the plaintiff's vehicle collided with a vehicle operated by the defendant Aiman Abdallah (hereinafter the defendant driver) at the intersection of Ralph Avenue and Foster Avenue in Brooklyn. At the time of the accident, the plaintiff was traveling straight on Ralph Avenue and the defendant driver was traveling straight on Foster Avenue. The intersection was governed by a traffic light.
The plaintiff commenced this action to recover damages for personal injuries against the defendant driver and the defendant Illinois Tool Works, Inc. (hereinafter together the defendants), among others. During a jury trial on the issue of liability insofar as asserted against the defendants, the plaintiff and the defendant driver each claimed to have had a green light at the time of the accident. The jury unanimously determined that the defendant driver did not negligently operate his vehicle. The plaintiff moved pursuant to CPLR 4404(a), inter alia, to set aside the verdict as contrary to the weight of the evidence and, in effect, in the interest of justice, and for a new trial. The Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). This standard "was intended to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that [*2]finding should be sustained" (Nicastro v Park, 113 AD2d 129, 134). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Aronov v Kanarek, 166 AD3d 574, 575 [internal quotation marks omitted]).
Applying these principles to this case, the jury's verdict that the defendant driver was not negligent was supported by a fair interpretation of the trial evidence, and the verdict was not contrary to the weight of the evidence (see Scalogna v Osipov, 117 AD3d 934, 935-936; Rahman v Smith, 40 AD3d 613, 614).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court