Galeano v Giambrone (2023 NY Slip Op 03909)

Galeano v Giambrone

2023 NY Slip Op 03909

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-05782
2021-02514
 (Index No. 708551/16)

[*1]Sandra Galeano, appellant,
v
Francesco Giambrone, respondent.

Davidoff & Associates, P.C. (Lawrence B. Goodman, New York, NY, of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz and Keith McHugh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated April 27, 2020, and (2) a judgment of the same court entered March 29, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside a jury verdict as against the weight of the evidence and for a new trial. The judgment, upon the jury verdict and the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action to recover damages for personal injuries she alleged she sustained in October 2015 when she fell on an exterior staircase at a residential building in which the defendant had an ownership interest. The plaintiff alleged in the complaint that, as she was attempting to exit the premises, she "was caused to suddenly trip and fall due to improper step(s) and/or a loose handrail." The plaintiff alleged in her amended bill of particulars that she sustained injuries, including a broken finger, "as a result of an unstable, wobbly, improperly installed handrail and as a result of broken, cracked cement stairs which failed to properly secure said handrail." Notably, neither the complaint nor the amended bill of particulars asserted the theory of liability, discussed by our dissenting colleague, that the plaintiff's injuries arose from the handrail's alleged failure to save the plaintiff from falling or to stabilize the plaintiff after she lost her balance on the stairs. More importantly, as discussed below, since the plaintiff's testimony describing the circumstances of the accident was inconsistent throughout the action, it was reasonable for the jury to discredit her testimony in its entirety.
At trial, almost three-and-a-half years after the accident, when describing the circumstances of her fall down the stairs, the plaintiff contended, for the first time in the action, that [*2]she was disposing of a bag of garbage with her right hand when her body moved the handrail abruptly, causing her to lose her balance and reach for the handrail with her right hand. During his opening statement at the trial, the defendant, through counsel, contended that, even if the jury were to find that the handrail was loose, and even if they were to find that it was "the most defective handrail in the world," the defective handrail was not what caused the accident or the plaintiff's injuries. The defendant urged the jury to find that the plaintiff, who testified at trial that her feet were on two different steps of the stairs at issue, lost her balance, flailed about, and that her finger bent back and broken when she attempted to grab the handrail as she fell. In short, the defendant urged the jury to find that the handrail, even if defective, played no role in the plaintiff's fall and thus was not the proximate cause of her injuries.
At the conclusion of the trial, the jury found that the defendant negligently failed to repair a defective condition on the staircase, but that such negligence did not proximately cause the plaintiff's injuries. The plaintiff then moved pursuant to CPLR 4404(a), inter alia, to set aside the jury verdict as against the weight of the evidence and for a new trial. By order dated April 27, 2020, the Supreme Court denied that branch of the plaintiff's motion. The court thereafter entered judgment, upon the jury verdict and the order, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderates in favor of the losing party, that the verdict could not have been reached on any fair interpretation of the evidence" (Bongiovanni v Eckhardt, 176 AD3d 1157, 1158; see Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). "In determining whether to set aside a verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility" (McKenzie v Southside Hosp., 163 AD3d 952, 953; see Johnson v Yue Yu Chen, 104 AD3d 915).
Here, based on the record, it was reasonable for the jury to adopt the defendant's view of the case; to wit, that though the handrail was defective, the defectiveness of the handrail had nothing to do with the plaintiff's injuries. Given the numerous discrepancies in the plaintiff's testimony describing the circumstances of the accident at her deposition and at trial, the record supports the jury's apparent determination that the plaintiff was not credible. The jury could have reasonably concluded, as defense counsel described, that the accident occurred as the plaintiff was walking down the staircase holding a bag of garbage when she lost her balance and injured her finger on the handrail, which shifted, as she fell. Such a conclusion is wholly consistent with the jury's verdict that the defendant was negligent in failing to repair the railing on the exterior staircase, but that such negligence was not a substantial factor in causing the plaintiff's accident. Indeed, the verdict reached by the jury demonstrates that the jury discredited the plaintiff's testimony regarding the happening of the accident, as her account of the accident at trial was not only confusing, but was rife with inconsistencies with her earlier deposition testimony as well as with her expert's trial testimony.
Although our dissenting colleague points out that the plaintiff testified at trial that she relied on the handrail for support, the record supports the jury's apparent determination to discredit that testimony. Falsus in uno, falsus in omnibus—meaning false in one thing, false in everything—is the legal principle upon which a jury may disregard all or part of a witness's testimony on the ground that a witness who testifies falsely as to one material fact may testify falsely as to everything (see Washington Mut. Bank v Holt, 113 AD3d 755, 757; DiPalma v State of New York, 90 AD3d 1659, 1660). Thus, here, the jury reasonably could have concluded that the plaintiff testified falsely as to the way the accident happened and thus was within its province to disregard, in whole or in part, the plaintiff's version of events and accept the defendant's version.
There can be no real dispute that the record evidences that the plaintiff gave varied versions of the alleged accident. For example, at her deposition in March 2017, approximately a year-and-a-half after the accident, when describing how the accident happened, the plaintiff averred that when she grabbed the railing "it just threw me." She further testified that when she grabbed the handrail her "finger remained attached with that little hole in the rail." However, at trial, the plaintiff stated that the handrail "did not throw me, because I stayed holding on to the railing." She testified that her "hand was hanging and my finger were hanging on to the railing. I never mentioned a hole." Notably, the plaintiff's deposition did not include testimony about throwing away garbage immediately prior to the accident.
At the trial, the plaintiff disputed her own deposition testimony—which was read into the record during cross-examination—and maintained that the accident happened when she was holding a bag of garbage upon leaving her apartment and while traversing the stairs. The plaintiff asserted that a translation error occurred during the deposition, even though she admittedly did not complete an errata sheet to correct this purportedly misquoted deposition testimony.
There were numerous other inconsistencies in the plaintiff's deposition and trial testimony about the happening of the accident. Indeed, it is unclear from her testimony where the plaintiff was located on the stairs when the accident allegedly occurred. At her deposition, the plaintiff identified and marked on a photograph the location of her hand on the railing. However, at trial, when presented with a photograph of the railing, the plaintiff was unable to identify the location of her hand at the time of the accident. Additionally, there is a discrepancy in the plaintiff's testimony regarding the location of her son at the time of the accident. During her deposition, the plaintiff testified that, at the time of her accident, her son was at the bottom of the steps heading up the stairs toward her, and at the deposition she marked his location on a photograph with an "x," placing him at the bottom of the steps. At trial, the plaintiff testified that her son was on the street heading toward the steps, and contended that the reason that she marked the "x" at the bottom of the steps at the deposition was "that was where he would have been going up."
Given the nature of the plaintiff's testimony, there is no basis to disturb the jury's determination. "Where, as here, 'there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view'" (Bongiovanni v Eckhardt, 176 AD3d at 1159, quoting McKenzie v Southside Hosp., 163 AD3d at 954; see Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d at 768-769; Henry v Town of Hempstead, 119 AD3d 649).
Moreover, the jury was not required to accept the testimony of the plaintiff's expert to the exclusion of the facts and circumstances provided by other testimony and evidence—including the plaintiff's own inconsistent version of the accident (see Galimberti v Carrier Indus., 222 AD2d 649, 649). Although the plaintiff's expert opined that the proximate cause of the accident was the loose handrail, the expert admitted at trial that the plaintiff's testimony that she was disposing of a bag of garbage prior to the accident was not included in his report. Thus, the jury was free to reject the opinion proffered by the plaintiff's expert despite the absence of a defendant's expert.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
The plaintiff failed to preserve for appellate review her contention that part of the jury charge was improper (see Salov v Akinjide, 172 AD3d 1127, 1128; Ross v Mandeville, 45 AD3d 755, 757), and the jury charge was not so fundamentally flawed as to warrant reversal in the interest of justice (see Fitzpatrick & Weller, Inc. v Miller, 21 AD3d 1374, 1375; Caceres v New York City Health & Hosps. Corp., 74 AD2d 619; see also Liebgott v City of New York, 213 AD2d 606).
DUFFY, J.P., GENOVESI and TAYLOR, JJ., concur.
DOWLING, J., dissents, and votes to reverse the judgment, vacate the order dated [*3]April 27, 2020, grant that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and remit the matter to the Supreme Court, Queens County, for a new trial on the issue of liability and, if necessary, a trial on damages, with the following memorandum:
I cannot agree with my colleagues in the majority that the jury verdict in favor of the defendant should not be set aside as contrary to the weight of the evidence.
In this personal injury action, the plaintiff alleged that she suffered injuries as the result of a defective handrail on a staircase that leads up to the front door of the home that she rents from the defendant. The plaintiff testified at trial through an interpreter that, as she was leaning or reaching over the handrail to throw away a bag of garbage, the handrail shifted out away from the steps, causing her to lose her balance, and that when she attempted to grab onto the handrail to break her fall her finger became caught in the handrail, causing her injury. Evidence was also introduced at trial that the plaintiff had failed to mention at her deposition that she was carrying a bag of garbage at the time of the accident, and that she had testified at her deposition that the handrail shifted and "threw" her when she grabbed onto it while walking down the steps, causing her finger to become stuck in a "little hole" in the handrail. The plaintiff explained at trial that she had been misquoted or misinterpreted during her deposition, that the accident happened very quickly, and that her hand had become caught in the handrail and not stuck in a hole.
In addition, the plaintiff's expert, an architect, testified that when he inspected the subject handrail in the days following the plaintiff's accident, he found that the leg of the handrail closest to the bottom of the steps was not supported by the surrounding concrete, and that the strength of the handrail was therefore compromised. As a result, when pressure is applied to the handrail, it moves or shifts approximately two inches out of plumb. The architect explained that the purpose of a handrail is to provide support and that, in his opinion, a loose handrail like the subject handrail would be a direct cause of an individual's loss of balance if the handrail was relied upon for support. The defendant did not introduce the testimony of an expert or other evidence at trial as to the manner in which the accident occurred. However, the defendant's counsel argued in summation that the plaintiff's version of the accident was not credible, and that she likely had lost her balance because she was leaning over the handrail to throw away garbage and not because the handrail moved, causing her finger to be caught in the railing. The jury returned a verdict finding that the handrail was in an unsafe condition and that the defendant was negligent, but that the defendant's negligence was not a substantial factor in causing the plaintiff's accident.
"'A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and [contrary to] the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (Gibson v Singh Towing, Inc., 155 AD3d 614, 616, quoting Zhagui v Gilbo, 63 AD3d 919, 919-920; see Evans v New York City Tr. Auth., 179 AD3d 105, 112). "'A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view'" (Butler v New York City Tr. Auth., 67 AD3d 620, 621, quoting Rivera v MTA Long Is. Bus, 45 AD3d 557, 558).
In my view, there is no reasonable view of the evidence presented at trial from which the jury could have found that the defendant was negligent in allowing the handrail to be in an unsafe condition, but that the defendant's negligence was not a substantial factor in causing the plaintiff's accident. To make such a finding, the jury would have had to conclude that the sole proximate cause of the plaintiff's accident was that she had simply lost her balance while leaning over the handrail, and then caught her finger in the railing. This cannot be reconciled with the undisputed testimony of the plaintiff's expert that the handrail shifted out of plumb when pressure was applied to it.
Accordingly, I vote to reverse the judgment on this ground, vacate the order dated April 27, 2020, grant that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and remit the [*4]matter to the Supreme Court, Queens County, for a new trial on the issue of liability and, if necessary, a trial on damages.
ENTER:
Maria T. Fasulo
Clerk of the Court