Hannays v Miskiewicz (2025 NY Slip Op 04088)

Hannays v Miskiewicz

2025 NY Slip Op 04088

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-02347
 (Index No. 512605/16)

[*1]Emerald Hannays, appellant,
v
Joseph E. Miskiewicz, respondent, et al., defendants. 

Boris Zivotov, Esq., P.C., Brooklyn, NY, for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 9, 2022. The order denied the plaintiff's oral application, in effect, pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant Joseph E. Miskiewicz on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
This action arises out of a motor vehicle accident that occurred on September 8, 2013, when a vehicle operated by the defendant Joseph E. Miskiewicz (hereinafter the defendant) was exiting the Belt Parkway and collided with a vehicle traveling on North Conduit Avenue in which the plaintiff was a passenger. The plaintiff commenced this action against the defendant, among others, to recover damages for personal injuries she allegedly sustained in the accident. The action proceeded to a jury trial on the issue of liability, after which the jury rendered a verdict in favor of the defendant, based upon a finding that he was not negligent. The plaintiff made an oral application, in effect, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. The plaintiff appeals.
Under CPLR 4404(a), "the court may set aside a jury verdict and order a new trial where it finds that the verdict was contrary to the weight of the evidence" (Madigan v Putnam County, 230 AD3d 751, 753; see Yankovitch v Fessel, 170 AD3d 784, 785). "A jury verdict [should not] be set aside as contrary to the weight of the evidence [unless] the evidence so preponderate[s] in favor of the [moving party] that the verdict could not have been reached on any fair interpretation of the evidence" (Pen v Wheels, Inc., 231 AD3d 848, 848 [internal quotation marks omitted]; see Avila v VVFJ Realty, LLC, 212 AD3d 699, 700; Berlich v Maimonides Med. Ctr., 208 AD3d 1148, 1149). "It is within the province of the jury to determine issues of credibility, and great deference [*2]is accorded to the jury given its opportunity to see and hear the witnesses" (Tsimbalenko v Irizarry, 104 AD3d 842, 843 [internal quotation marks omitted]; see Levens v Dill, 164 AD3d 774, 775; Scalogna v Osipov, 117 AD3d 934, 935; Alterescu v Mills, 216 AD2d 345, 345). "A court must not interfere with a jury's fact-finding process merely because it disagrees with its findings or would have evaluated the witnesses' credibility differently and reached a contrary determination" (Reilly v Ninia, 81 AD3d 913, 915; see Mujica v Nassau County Corr. Facility, 231 AD3d 1046, 1049; TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d 713, 715).
Here, based on the evidence, it was reasonable for the jury to adopt the defendant's version of the events preceding the accident (see Pen v Wheels, Inc., 231 AD3d 848; Galeano v Giambrone, 218 AD3d 745, 747). Moreover, the parties presented conflicting testimony about the happening of the accident, and we discern no basis to disturb the jury's determination to credit the defendant's testimony. Thus, the jury's verdict was not contrary to the weight of the evidence (see Galeano v Giambrone, 218 AD3d at 748-749; Cetoute v Sidney, 167 AD3d 565, 566-567).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's oral application, in effect, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court