Commender v Lacrosa

2026 NY Slip Op 02820

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Debra Ann Commender, appellant,

v

Antonio Lacrosa, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-07333, 2024-07334, (Index No. 150520/18)

Betsy Barros, J.P.

Cheryl E. Chambers

Linda Christopher

James P. McCormack, JJ.

Chelli & Bush (The Law Office of Michael James Prisco PLLC, Massapequa, NY, of counsel), for appellant.

Zachary & Zachary, P.C., Staten Island, NY (Deborah C. Zachary of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from two judgments of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), both dated May 14, 2024. The judgments, upon a jury verdict in favor of Saveria Lacertosa and Carmella Lacertosa, are in favor of the defendant and against the plaintiff dismissing the complaint.

ORDERED that the judgments are affirmed, with one bill of costs.

The plaintiff commenced this action against Saveria Lacertosa and Carmella Lacertosa (hereinafter together the Lacertosas) to recover damages for personal injuries the plaintiff allegedly sustained when she tripped and fell on a porch on property she rented from the Lacertosas. After a trial, the jury rendered a verdict finding that the Lacertosas were negligent in maintaining the porch but their negligence was not a substantial factor in causing the plaintiff's accident. Subsequently, the Lacertosas died, and Antonio Lacrosa, as executor of the Lacertosas' separate estates, was substituted as the defendant. The Supreme Court thereafter issued two judgments, upon the jury verdict, in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.

"A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Park v Yu Qing Yan, 233 AD3d 947, 948 [internal quotation marks omitted]).

Contrary to the plaintiff's contention, there is no basis to disturb the jury's determination. Where, as here, there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view (see Galeano v Giambrone, 218 AD3d 745, 748-749). Here, the jury's determination that the defect in the porch was not a substantial cause of the plaintiff's accident was based on a fair interpretation of the evidence (see id.; McKenzie v Southside Hosp., 163 AD3d 952, 953; Coma v City of New York, 97 AD3d 715, 716).

BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court